**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER SCOCCO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UNIQURE N.V., MATTHEW KAPUSTA, CHRISTIAN KLEMT, WALID ABI-SAAB, and SARAH TABRIZI, <br><br> Defendants. | Case No. 1:26-cv-01124-JPC |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT
SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ...............................................................................1

II.     FACTUAL BACKGROUND...................................................................................3

III.    ARGUMENT............................................................................................................5

        A.      Oklahoma Firefighters Is the Most Adequate Plaintiff..............................5

                1.      Oklahoma Firefighters's Motion Is Timely......................................7

                2.      Oklahoma Firefighters Has the Largest Financial Interest
                        in the Relief Sought by the Class.........................................................7

                3.      Oklahoma Firefighters Satisfies the Requirements  of Rule
                        23 ..........................................................................................................7

                        a)      Oklahoma Firefighters's Claims Are Typical of Those of
                                the Class ..................................................................................... 8

                        b)      Oklahoma Firefighters Will Fairly and Adequately
                                Protect the Interests of the Class............................................ 8

        B.      The Court Should Approve Oklahoma  Firefighters's Selection of
                Lead Counsel ..............................................................................................11

IV.     CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ................................................................. 11

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................. 8

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................... 10

*Li Hong Cheng v. Canada Goose Holdings Inc.*,
  No. 19-CV-8204 (VSB),
  2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019) ........................................... 9

*Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*,
  No. 23 Civ. 2138 (JPC),
  2023 WL 4406286 (S.D.N.Y. July 7, 2023) ................................... 8, 9, 11

**Statutes**

15 U.S.C. § 78u-4(a) ..................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ............................................................................. 8

H.R. Conf. Rep. No. 104-369 (1995),
  *reprinted in* 1995 U.S.C.C.A.N. 730............................................. 2, 3, 10

Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") respectfully submits this Memorandum of Law in support of its motion (the "Motion") for: (1) appointment as Lead Plaintiff in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of its selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (3) any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Action is a securities class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), against uniQure N.V. ("uniQure" or the "Company") and certain of uniQure's executive officers and representatives (collectively, "Defendants").  The Action is brought on behalf of a class of all persons and entities who purchased or otherwise acquired uniQure ordinary shares between September 24, 2025, and October 31, 2025, inclusive (the "Class Period").

The PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B).  Pursuant to the PSLRA, a court must appoint the "most adequate plaintiff" as lead plaintiff, which is the movant that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant

1

requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See id.* § 78u-4(a)(3)(B)(iii)(I).

Oklahoma Firefighters respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Oklahoma Firefighters's Motion is timely and its losses of approximately $473,581.33 under a last-in, first-out ("LIFO") analysis in connection with its transactions in uniQure ordinary shares during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Naumon A. Amjed ("Amjed Decl."), Exs. A & B. Additionally, Oklahoma Firefighters easily satisfies the relevant requirements of Rule 23. Oklahoma Firefighters's claims are typical of all members of the class since it purchased uniQure ordinary shares during the Class Period at artificially inflated prices caused by Defendants' material misrepresentations and omissions and, like other class members, suffered losses when the truth about uniQure was disclosed. Oklahoma Firefighters also will fairly and adequately represent the class in the litigation.

Moreover, as a sophisticated institutional investor that manages more than $4 billion in assets and has substantial experience serving as lead plaintiff in other securities class actions, Oklahoma Firefighters is the prototypical lead plaintiff envisioned by Congress to serve as lead plaintiff under the PSLRA, and its appointment would therefore fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Finally, Oklahoma Firefighters has further demonstrated its adequacy to serve as Lead Plaintiff by retaining experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Oklahoma Firefighters's selection of Kessler Topaz as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Kessler Topaz, which investigated and filed the Action, is a nationally recognized securities class action litigation firm that has an extensive history of prosecuting complex actions under the PSLRA and has recovered billions of dollars in damages for injured shareholders while serving as lead counsel.

Thus, the class can be assured of zealous representation if Oklahoma Firefighters's selection of Kessler Topaz as Lead Counsel for the class is approved. Accordingly, Oklahoma Firefighters respectfully requests that its selection of counsel be approved. See 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.    FACTUAL BACKGROUND

uniQure is a biotechnology company developing gene therapies for rare diseases, including Huntington's disease ("HD"), amyotrophic lateral sclerosis ("ALS"), and other diseases. uniQure is incorporated in The Netherlands with its

3

principal executive offices in Amsterdam, The Netherlands.  The Company's ordinary shares trade on The Nasdaq Stock Market LLC under the ticker symbol "QURE."

The Action alleges that, during the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business and operations.  Specifically, Defendants failed to disclose that: (1) the design of uniQure's Phase I/II clinical trials for its lead drug candidate, AMT-130, for the treatment of patients with Huntington's Disease (the "Pivotal Study")—including comparison of the Pivotal Study results to the ENROLL-HD external historical data set—was not fully approved by the U.S. Food and Drug Administration ("FDA"); (2) Defendants downplayed the likelihood that, despite purportedly highly successful results from the Pivotal Study, uniQure would have to delay the filing of its Biologics License Application ("BLA") with the FDA to perform additional studies to supplement its BLA submission; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Investors began to learn the truth about the Company's prospects on November 3, 2025, when uniQure announced that it had received feedback from the FDA about AMT-130's path to BLA approval.  Critically, uniQure revealed that the FDA "currently no longer agrees that the data from the Phase I/II studies of AMT-130 in comparison to [the ENROLL-HD] external control, as per the prespecified protocols and statistical analysis plans shared with the FDA in advance of the analyses, may

4

be adequate to provide the primary evidence in support of a BLA submission." As a result, uniQure stated that "the timing of the BLA submission for AMT-130 is now unclear," but that uniQure "plans to urgently interact with the FDA to find a path forward for the timely accelerated approval of AMT-130."

On this news, the price of uniQure ordinary shares plummeted $33.40 per share, or more than 49%, from a close of $67.69 per share on October 31, 2025, to close at $34.29 per share on November 3, 2025.

On November 10, 2025, after the end of the Class Period, uniQure hosted its third quarter 2025 earnings call. During the call, Defendant Walid Abi-Saab, the Company's Chief Medical Officer, noted that the FDA's recent feedback regarding AMT-130 "has introduced uncertainty into the path forward, but we believe in our data and we are focused on working with the agency to define the next steps."

Then, on December 4, 2025, uniQure, after receiving the final meeting minutes from the FDA's meetings regarding AMT-130's BLA, confirmed that "the FDA conveyed that data submitted from the Phase I/II studies of AMT-130 are currently unlikely to provide the primary evidence to support a BLA submission." uniQure also noted that it "is carefully evaluating the feedback and plans to urgently request a follow-up meeting with the FDA to take place in the first quarter of 2026."

## III.    ARGUMENT

### A.    Oklahoma Firefighters Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *See id.* § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id.* § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the class member that the court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." *Id.* § 78u-4(a)(3)(B)(iii)(I).

Here, Oklahoma Firefighters is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

6

### 1.    Oklahoma Firefighters's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the Action, Kessler Topaz published notice in *Business Wire* on February 10, 2026, alerting investors to the pendency of the action and informing them of the April 13, 2026 deadline to seek appointment as Lead Plaintiff.  *See* Amjed Decl., Ex. C.  Therefore, Oklahoma Firefighters's Motion is timely.

### 2.    Oklahoma Firefighters Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA adopts a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Oklahoma Firefighters suffered losses of approximately $473,581.33 under a LIFO analysis in connection with its Class Period transactions in uniQure ordinary shares.  *See* Amjed Decl., Exs. A & B.  To the best of Oklahoma Firefighters's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.  Accordingly, Oklahoma Firefighters has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.    Oklahoma Firefighters Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23

7

of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *Id*. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage of litigation, "only a preliminary showing of typicality and adequacy is required." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) (citation omitted).

### a) Oklahoma Firefighters's Claims Are Typical of Those of the Class

"The typicality requirement is satisfied when the representative party's claims arise from the same course of events as those of the rest of the class, and when that party makes similar legal arguments to prove the defendant's liability." *Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, No. 23 Civ. 2138 (JPC), 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023) (Cronan, J.) (internal quotations and citation omitted). Here, Oklahoma Firefighters satisfies the typicality requirement because, just like all other proposed class members, it seeks to recover for the losses on its Class Period investments in uniQure ordinary shares resulting from the public disclosure of Defendants' misrepresentations and omissions. Thus, Oklahoma Firefighters's claims arise from the same conduct as those of the other class members and it satisfies Rule 23's typicality requirement. *See id.*

### b) Oklahoma Firefighters Will Fairly and Adequately Protect the Interests of the Class

The adequacy element of Rule 23 requires that the lead plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a

sufficient interest in the outcome of the case to ensure vigorous advocacy." *Amgen*, 2023 WL 4406286, at *2 (citation omitted).

Oklahoma Firefighters is adequate because its interest in aggressively pursuing claims against Defendants—given Oklahoma Firefighters's substantial losses—is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Oklahoma Firefighters's interests and those of the other members of the class, and Oklahoma Firefighters is fully committed to vigorously pursuing the claims on behalf of the class. *See, e.g.*, *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 WL 6617981, at *6 (S.D.N.Y. Dec. 5, 2019) (finding that pension fund satisfied adequacy requirement where there was no indication that its "claims would conflict with those of the class," the pension fund "allege[d] significant damages due to [d]efendants['] actions," and it selected "experienced and qualified" lead counsel) (citation omitted).

Oklahoma Firefighters has further demonstrated its adequacy through its selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner.

In addition to satisfying the requirements of Rule 23, as a sophisticated institutional investor with a substantial financial interest in the litigation, Oklahoma Firefighters is the quintessential Lead Plaintiff that Congress sought, through the

enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, courts have recognized that the legislative history reflects a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See e.g.*, *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (discussing "that many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citations omitted).

Moreover, Oklahoma Firefighters has successfully served as lead plaintiff in PSLRA cases, recovering hundreds of millions of dollars for injured investors. *See e.g.*, *Black v. Snap Inc.*, No. 21-cv-8892 (GW) (RAO) (C.D. Cal.) ($65 million settlement preliminarily approved); *Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.,* No. 20-cv-201 (MP) (N.D. Tex.) ($40 million settlement); *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (DC) (W.D. Tex.) ($30 million settlement); *In re Conduent Inc. Sec. Litig.*, No. 19-cv-8237 (SDW) (AME) (D.N.J.) ($32 million settlement); *Lehigh Cnty. Emps.' Ret. Sys. v. Novo Nordisk A/S*, No. 17-cv-209 (ZNQ)

(LHG) (D.N.J.) ($100 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. HUD-L-3492-18 (N.J. Super. Ct.  Law Div., Hudson Cnty.) ($102.5 million settlement).

In sum, Oklahoma Firefighters has demonstrated its willingness, resources, experience, and commitment to vigorously pursuing the Action to obtain the best possible recovery for the class.

**B.    The Court Should Approve Oklahoma Firefighters's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *See Amgen*, 2023 WL 4406286, at *2 (noting that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention") (citation omitted); *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted).  Here, Oklahoma Firefighters has selected Kessler Topaz to serve as Lead Counsel for the class.   Oklahoma Firefighters's selection of counsel should be approved.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field.  *See* Amjed Decl., Ex. D (Firm Profile of Kessler Topaz).   The firm is actively engaged in complex litigation and has

11

successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.) ($362.5 million recovery); *Crews v. Rivian Automotive, Inc.*, No. 22-cv-1524 (JLS) (CFE) (C.D. Cal.) ($250 million settlement preliminarily approved); and *In re Celgene Corp. Securities Litigation*, No. 18-cv-4772 (MEF) (JBC) (D.N.J.) ($239 million settlement preliminarily approved).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions across the country, and in this District, including: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); *City of Coral Springs Police Officers' Pension Plan v. Apple Inc.*, No. 25-cv-6252 (NW) (N.D. Cal.); and *In re NVIDIA Corp. Securities Litigation*, No. 18-cv-7669 (HSG) (N.D. Cal.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.).  The firm

12

also obtained one of the largest damage awards in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Kessler Topaz has already demonstrated its commitment to the prosecution of the litigation and protection of the class's interest through, among other things, its thorough pre-suit investigation into Defendants' conduct and its analysis of the merits of potential claims here. This investigation resulted in Kessler Topaz filing the Action. Thus, the Court may be assured that, in the event the Motion is granted, the class will receive the highest caliber of legal representation. Accordingly, Oklahoma Firefighters's selection of Kessler Topaz as Lead Counsel should be approved.

## IV.    CONCLUSION

For the reasons set forth above, Oklahoma Firefighters respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 13, 2026                              Respectfully submitted,

                                                   **KESSLER TOPAZ MELTZER**
                                                     **& CHECK, LLP**

                                                   *S/ Naumon A. Amjed*
                                                   Naumon A. Amjed
                                                   Darren J. Check
                                                   Ryan T. Degnan

Geoffrey C. Jarvis
Joshua S. Keszczyk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
gjarvis@ktmc.com
jkeszczyk@ktmc.com

*Counsel for Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

14

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for putative class member Oklahoma Firefighters, certifies that this Memorandum of Law in support of Oklahoma Firefighters's Motion contains 3,261 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: April 13, 2026

*S/ Naumon A. Amjed*
Naumon A. Amjed
**KESSLER TOPAZ MELTZER
  & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com

*Counsel for Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

15