**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*[Proposed] Co-Lead Counsel for Co-Lead Plaintiffs and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SCOCCO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIQURE N.V., MATTHEW KAPUSTA, CHRISTIAN KLEMT, WALID ABI-SAAB, and SARAH TABRIZI,<br><br>    Defendants. | Case No. 1:26-cv-01124-JPC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DIXON DIEBOLD AND SHAHED BAYESTEHTARAT TO: (1) APPOINT CO-LEAD PLAINTIFFS; AND (2) APPROVE SELECTION OF CO-LEAD COUNSEL**<br><br><u>CLASS ACTION</u> |

1

Plaintiffs Dixon Diebold and Shahed Bayestehtarat ("Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movants as Co-Lead Plaintiffs for the class of all purchasers or acquirers of the ordinary shares of uniQure N.V. ("uniQure" or the "Company") between September 24, 2025 and October 31, 2025, both dates inclusive (the "Class Period"); and

(b) approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On February 10, 2026, this action was filed in this district against uniQure N.V., Matthew Kapusta, Christian Klemt, Walid Abi-Saab, and Sarah Tabrizi. That same day, an early notice was issued pursuant to the PSLRA, advising potential class members of, among other things, the allegations and claims in the complaint and the 60-day deadline for class members to move to be appointed as lead plaintiff. *See* Ex. 1 hereto.

Defendant uniQure is a biotechnology company that develops gene therapies for rare diseases. The Company's lead product candidate is AMT-130, a novel gene therapy being developed to slow the progress of Huntington's disease. In March 2022, uniQure completed patient enrollment for a two-phase, dose-escalating clinical trial called the Pivotal Phase I/II Study for AMT-130 in patients with Huntington's disease (the "Pivotal Study"). According to Defendants, the United States Food and Drug Administration ("FDA") previously agreed that the Pivotal Study results could be compared to a historical data set of persons with Huntington's disease known as Enroll-HD or ENROLL-HD rather than including a placebo comparator, and

1

that the analysis from such a comparison could potentially serve as the basis for uniQure's Biologics License Application ("BLA") submission to the FDA for approval to use AMT-130 to treat patients with Huntington's disease.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the design of uniQure's Pivotal Study – including comparison of the Pivotal Study results to an external historical data set rather than a placebo comparator – was not fully approved by the FDA; (2) the likelihood that uniQure would have to delay its BLA timeline to perform additional studies despite purportedly highly successful results from the Pivotal Study that were announced during the Class Period, was downplayed by Defendants; (3) as a result, Defendants' statements about the uniQure's business, operations, and prospects lacked a reasonable basis.

According to the complaint, on September 24, 2025, uniQure announced topline results of the Pivotal Study, representing that AMT-130 generated a "statistically significant 75% slowing of disease progression as measured by cUHDRS," thereby meeting the study's primary endpoint. UniQure also touted that AMT-130 generated a "statistically significant 60% slowing of disease progression as measured by TFC," which met the study's secondary endpoint.

Then on November 3, 2025, the truth emerged when uniQure revealed that "the FDA currently no longer agrees that the data from the Phase I/II studies of AMT-130 in comparison to an external control, as per the prespecified protocols and statistical analysis plans shared with the FDA in advance of the analyses, may be adequate to provide the primary evidence in support of a BLA submission." The Company further admitted that "the timing of the BLA submission for AMT-130 is now unclear."

On this news, the price of uniQure ordinary shares fell $33.40, or more than 49%, from a closing price of $67.69 per share on October 31, 2025 to close at $34.29 per share on November 3, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's ordinary shares, Movants and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I. MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class. As a result, Movants should be appointed as Co-Lead Plaintiffs.

### A. Movants Are Willing to Serve as Class Representative

Movants have filed herewith a PSLRA certification attesting that they are willing to serve as representative of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movants satisfy the first requirement to serve as Co-Lead Plaintiffs for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost approximately $278,956.21 in connection with purchases of uniQure ordinary shares. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in uniQure ordinary shares during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Co-Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and

misleading statements and failing to disclose material statements about the Company's business. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

###    2.    Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Co-Lead Plaintiffs. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in uniQure and are therefore, extremely motivated to pursue claims in this action.

Further, Dixon Diebold lives in Minnesota, has been investing for 20 years, has degrees in finance and business, and works in real estate. Shahed Bayestehtarat lives in Canada, has been investing for 9 years, has a graduate degree, and works as a prosthodontist.

### D.  Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Co-Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movants are the most adequate Co-Lead Plaintiffs is not, therefore subject to rebuttal. Accordingly, Movants have suffered financial losses and have the largest financial interest in this case of any timely lead plaintiff movant.

The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class. Additionally, Movants have demonstrated their adequacy and ability to work collaboratively by the submission of the Joint Declaration in Support of Lead Plaintiff Motion (the "Joint Declaration"). *See* Ex. 4 hereto. The Joint Declaration details, among other things, each member's profession and location. Movants affirmed their understanding of their fiduciary obligations to the Class and will act vigorously to prosecute the case to obtain the greatest possible recovery for the Class. *See id.*

## II.    MOVANTS' SELECTION OF CO-LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have been actively researching Movants' and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Exs. 5, 6 hereto. The firms have prosecuted numerous

securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

<u>CONCLUSION</u>

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiffs of the Class; (2) approving Movants' selection of Rosen Law and Schall Law as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 13, 2026                              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*[Proposed] Co-Lead Counsel for Co-Lead Plaintiffs and Class*

8

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned, counsel of record for Dixon Diebold and Shahed Bayestehtarat, certifies that this brief contains 2,134 words, which complies with the word limit of L.R. 7.1(c) and Rule 2B of Judge Cronan's Individual Rules and Practices in Civil Cases.

Executed on April 13, 2026

<u>/s/ Phillip Kim</u>

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim