**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER SCOCCO, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>UNIQURE N.V., MATTHEW KAPUSTA, CHRISTIAN KLEMT, WALID ABI-SAAB, and SARAH TABRIZI,<br><br>     Defendants. | Case No. 1:26-cv-01124-JPC-GS |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD <u>PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   ARGUMENT...............................................................................................................4

       A.    Oklahoma Firefighters Should Be Appointed as Lead Plaintiff...............4

            1.    Oklahoma Firefighters Has the Largest Financial Interest in the Relief Sought by the Class........................................................5

            2.    Oklahoma Firefighters Satisfies the Requirements of Rule 23.........................................................................................6

            3.    Oklahoma Firefighters's Selection of Lead Counsel Should be Approved ...........................................................................9

III.   CONCLUSION.........................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.,*
  586 F.3d 703 (9th Cir. 2009) ................................................................................ 9

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................... 4

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................... 2, 3, 8

*In re KIT Digit., Inc. Sec. Litig.,*
  293 F.R.D. 441 (S.D.N.Y. 2013) ........................................................................... 8

*Manchin v. PACS Grp., Inc.,*
  No. 24-cv-8636 (LJL),
  2025 WL 460775 (S.D.N.Y. Feb. 11, 2025) ......................................................... 5

*Plaut v. Goldman Sachs Grp., Inc.,*
  No. 18-CV-12084 (VSB),
  2019 WL 4512774 (S.D.N.Y. Sep. 19, 2019) ....................................................... 9

*Rauch v. Vale S.A.,*
  378 F. Supp. 3d 198 (E.D.N.Y. 2019) .................................................................. 5

*Roofers Loc. No. 149 Pension Fund v. Amgen Inc.,*
  No. 23 Civ. 2138 (JPC),
  2023 WL 4406286 (S.D.N.Y. July 7, 2023) ................................................*passim*

*Schaeffer v. Depaolo,*
  Nos. 23-CV-1921-FB-JRC, *et al.,*
  2023 WL 5153481 (E.D.N.Y. Aug. 10, 2023) ...................................................... 6

**Statutes**

15 U.S.C. § 78u–4(a) ..........................................................................................*passim*

Presumptive Lead Plaintiff Oklahoma Firefighters[1] respectfully submits this Memorandum of Law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of counsel, Dkt. No. 13 (the "Motion"). Oklahoma Firefighters's motion is unopposed.

## I.    PRELIMINARY STATEMENT

On April 13, 2026, Oklahoma Firefighters timely filed the Motion seeking: (1) appointment as Lead Plaintiff in the Action pursuant to the PSLRA; (2) approval of its selection of Kessler Topaz as Lead Counsel for the class; and (3) any such further relief as the Court may deem just and proper. *See* Mot. Motions seeking appointment as Lead Plaintiff also were filed by movants Trevor Pillay, the group of Dixon Diebold and Shahed Bayestehtarat ("Diebold and Bayestehtarat"), and Yung-Tien Tien. *See* Dkt. Nos. 15, 20, 22. In recognition that Oklahoma Firefighters has the largest financial interest of any movant and is otherwise adequate to represent the class, each other movant subsequently withdrew their motion or filed a notice of non-opposition. *See* Dkt. Nos. 26 (Pillay Notice of Withdrawal), 28 (Diebold and Bayestehtarat Notice of Withdrawal), 29 (Tien Notice of Non-Opposition).

The PSLRA creates a strong presumption that Oklahoma Firefighters is the "most adequate plaintiff" because it has the "largest financial interest" of any movant and has made a *prima facie* showing of its typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, No. 23 Civ. 2138

---

[1]    All definitions and abbreviations used herein remain unchanged from Oklahoma Firefighters's motion and memorandum of law filed in support thereof, unless otherwise indicated. *See* Dkt. Nos. 13 & 14. All citations and internal quotation marks are omitted, and all emphasis is added, unless noted.

(JPC), 2023 WL 4406286, at *1 (S.D.N.Y. July 7, 2023) (Cronan, J.) (noting that the "most adequate plaintiff" is the movant that "ha[s] the largest financial interest in the relief sought by the class" that "otherwise satsif[ies] the requirements of Rule 23," and which has timely filed for appointment as lead plaintiff.).   The PSLRA's presumption can only be rebutted "upon proof" that Oklahoma Firefighters is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists.

*First*, Oklahoma Firefighters's loss of approximately $473,581.33 under a LIFO analysis unquestionably represents the largest financial interest in this litigation.  Indeed, Oklahoma Firefighters's loss significantly exceeds the total of all the other movants' losses *combined*:

| Movant[2] | Claimed Loss |
|---|---|
| **Oklahoma Firefighters** | **($473,581.33)** |
| ~~Diebold and Bayestehtarat~~ | ~~($278,956.21)~~ |
| ~~Trevor Pillay~~ | ~~($44,061.53)~~ |
| ~~Yung-Tien Tien~~ | ~~($2,107)~~ |

*Second*, Oklahoma Firefighters also satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all class members. As indicated in its Motion, Oklahoma Firefighters is a sophisticated institutional investor and, as the only institutional movant before the Court, is the only movant that satisfies Congress's goal to encourage institutional investors to serve as a lead plaintiff under the PSLRA.  *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) ("many courts have demonstrated a clear preference for institutional

---

[2]     Each movant's loss figures and other financial metrics are taken from the loss charts accompanying their initial motions.  *See* Dkt. Nos. 16-2, 19-2, 21-3, 25-1.

investors to be appointed as lead plaintiffs"). Importantly, Oklahoma Firefighters has significant prior experience serving as a lead plaintiff and has successfully obtained hundreds of millions of dollars for injured investors in securities class action litigation.

*Third*, there is no "proof" that has been offered that Oklahoma Firefighters is atypical or inadequate to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Amgen*, 2023 WL 4406286, at *2 (noting that the "most adequate plaintiff" presumption "may be rebutted *only upon proof* by a member of the purported plaintiff class"). As the presumptive "most adequate plaintiff," the PSLRA requires that Oklahoma Firefighters be appointed as Lead Plaintiff absent "*proof*" that it is atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). There is no "proof" before the Court sufficient to rebut the statutory presumption in favor of Oklahoma Firefighters. Accordingly, Oklahoma Firefighters is entitled to appointment as Lead Plaintiff.

*Fourth*, Oklahoma Firefighters's selection of Kessler Topaz to serve as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Amgen*, 2023 WL 4406286, at *2 (noting that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

For these reasons, Oklahoma Firefighters respectfully requests that the Court grant its Motion.

## II.    ARGUMENT

### A.    Oklahoma Firefighters Should Be Appointed as Lead Plaintiff

The PSLRA creates a strong, statutory presumption that the lead plaintiff, as the "most adequate plaintiff" in the litigation, is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumptive lead plaintiff then need only make a "preliminary showing of typicality and adequacy" under Rule 23. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011). The presumptive lead plaintiff's preliminary showing can only be rebutted upon "proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Oklahoma Firefighters is the presumptive "most adequate plaintiff" because it has "the largest financial interest" in this litigation. *Id*. § 78u-4(a)(3)(B)(iii)(I). Additionally, Oklahoma Firefighters's claims are typical of those of the class and, as a sophisticated institutional investor with substantial assets under management, Oklahoma Firefighters will fairly and adequately represent the interests of the class—a fact proven through its experience serving as a lead plaintiff and extensive history of vigorously and successfully prosecuting securities class action litigation on behalf of injured investors. *See* Dkt. No. 14 at 10-11. Given that no proof has been offered or can be offered to rebut Oklahoma Firefighters's presumptive status, Oklahoma Firefighters should be appointed as Lead Plaintiff. *See Amgen*, 2023 WL 4406286, at *2 (stating that the "most adequate plaintiff"

4

presumption "may be rebutted *only upon proof* by a member of the purported plaintiff class" that the presumptive lead plaintiff is atypical or inadequate).

### 1.    Oklahoma Firefighters Has the Largest Financial Interest in the Relief Sought by the Class

In determining the movant with the largest financial interest in the litigation, courts in this District and the Second Circuit typically place the most emphasis on the approximate losses suffered by the movant.  *See Manchin v. PACS Grp., Inc.*, No. 24-cv-8636 (LJL), 2025 WL 460775, at *3 (S.D.N.Y. Feb. 11, 2025) (finding that the movant with the largest approximate losses was the "mo[st] adequate plaintiff"); *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 208 (E.D.N.Y. 2019) ("the approximate losses suffered, is considered to be the most important").

Here, as demonstrated in the chart below, Oklahoma Firefighters possesses the largest LIFO loss of any movant.  Indeed, Oklahoma Firefighters's loss is greater than the total losses of all other movants *combined*:



Thus, Oklahoma Firefighters unquestionably has the "largest financial interest in the relief sought by the class" and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2.    Oklahoma Firefighters Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of this litigation, Oklahoma Firefighters satisfies the requirements of Rule 23. *See id*. § 78u-4(a)(3)(B)(iii)(I)(cc).  Pursuant to the PSLRA, Oklahoma Firefighters's presumptive status as Lead Plaintiff "may be rebutted ***only upon proof*** by a member of the purported plaintiff class" that the presumptive lead plaintiff is atypical or inadequate. *Amgen*, 2023 WL 4406286, at *2; *Schaeffer v. Depaolo*, Nos. 23-CV-1921-FB-JRC, *et al.*, 2023 WL 5153481, at *5 (E.D.N.Y. Aug. 10, 2023) (asserting that "[c]onclusory assertions and mere speculation will not suffice"). No such proof exists in this case, and there can be no credible arguments to the contrary.

As demonstrated in its memorandum of law in support of the Motion, Oklahoma Firefighters's claims are typical of the claims of the class. *See* Dkt. No. 14 at 8.  Specifically, Oklahoma Firefighters, like other members of the purported class, purchased uniQure ordinary shares during the Class Period and incurred losses on its investment as a result of the decline in the price of those shares resulting from the public disclosure of Defendants' misrepresentations and omissions. *See Amgen*, 2023 WL 4406286, at *2 (finding pension fund satisfied the typicality requirement where its claims "d[id] not differ in any material respect from those of any other putative member of the proposed class" because it "suffered injury when the value of that stock

6

declined" in response to the revelation of the defendants' fraudulent misrepresentations).

Moreover, Oklahoma Firefighters satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Oklahoma Firefighters's incentive to vigorously pursue the claims against Defendants to recover its substantial loss in uniQure ordinary shares does not conflict with the interests of other class members and is directly aligned with the interests of other class members. *See id.* § 78u-4(a)(3)(B)(iii)(II). Indeed, the interests of Oklahoma Firefighters and other class members are directly aligned because Oklahoma Firefighters and other class members all suffered damages from their purchases of uniQure ordinary shares that were artificially inflated by Defendants' misconduct. *See Amgen*, 2023 WL 4406286, at *2 (finding that the adequacy requirement is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy"). Oklahoma Firefighters also has demonstrated its adequacy by retaining Kessler Topaz—highly experienced counsel that investigated and filed the Action—to serve as Lead Counsel for the class. *See id.* (pension fund that selected an "experienced plaintiffs' firm with an active securities practice" found to satisfy the adequacy requirement).

7

Further, Oklahoma Firefighters has significant prior experience serving as a lead plaintiff in securities fraud class actions. *See* Dkt. No. 14 at 10-11. In particular, Oklahoma Firefighters previously has obtained hundreds of millions of dollars in recoveries on behalf of injured investors while serving as a lead plaintiff under the PSLRA. *See e.g.*, *Black v. Snap Inc.*, No. 21-cv-8892 (GW) (RAO) (C.D. Cal.) ($65 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, No. 20-cv-201 (MP) (N.D. Tex.) ($40 million settlement); *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (DC) (W.D. Tex.) ($30 million settlement); *In re Conduent Inc. Sec. Litig.*, No. 19-cv-8237 (SDW) (AME) (D.N.J.) ($32 million settlement); *Lehigh Cnty. Emps.' Ret. Sys. v. Novo Nordisk A/S*, No. 17-cv-209 (ZNQ) (LHG) (D.N.J.) ($100 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. HUD-L-3492-18 (N.J. Super. Ct. Law Div., Hudson Cnty.) ($102.5 million settlement).

Oklahoma Firefighters is also the only institutional investor seeking appointment as Lead Plaintiff. With more than $4 billion in assets under management, Oklahoma Firefighters is exactly the type of sophisticated, institutional investor that Congress sought to encourage to lead securities class action litigation through its enactment of the PSLRA. *See e.g.*, *Gentiva*, 281 F.R.D. at 113 (discussing "that many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Digit., Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting that the "statutory preference for institutional lead plaintiffs" weighed in favor of a pension fund as lead plaintiff).

8

Therefore, Oklahoma Firefighters—as the presumptively "most adequate plaintiff" asserting "the largest financial interest" in the litigation—readily meets the requirements of Rule 23 and should be appointed as Lead Plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Oklahoma Firefighters's Selection of Lead Counsel Should be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See id*. § 78u-4(a)(3)(B)(v). As such, there is "a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention," and Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *Amgen*, 2023 WL 4406286, at *2; *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Oklahoma Firefighters has selected Kessler Topaz as proposed Lead Counsel for the class. Kessler Topaz is among the preeminent securities class action law firms in the country and has already demonstrated its commitment to prosecuting the claims against Defendants through its extensive pre-suit investigation and the filing of the Action, which triggered the PSLRA's lead plaintiff process. *See* Dkt. No. 1; *see also Plaut v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *7 (S.D.N.Y. Sep. 19, 2019) (appointing Kessler Topaz as lead counsel and noting that Kessler Topaz "ha[s] substantial experience with securities class action litigation").

9

Accordingly, Oklahoma Firefighters's selection of Kessler Topaz as Lead Counsel should be approved.

## III.    CONCLUSION

For the reasons set forth above, Oklahoma Firefighters respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Kessler Topaz as Lead Counsel for the class.

Dated: April 27, 2026

Respectfully submitted,

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*S/ Naumon A. Amjed*
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Geoffrey C. Jarvis
Joshua S. Keszczyk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
gjarvis@ktmc.com
jkeszczyk@ktmc.com

*Counsel for Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for putative class member Oklahoma Firefighters, certifies that this Memorandum of Law in further support of Oklahoma Firefighters's Motion contains 2,222 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: April 27, 2026

*S/ Naumon A. Amjed*
Naumon A. Amjed
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com

*Counsel for Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*