**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CHRISTOPHER SCOCCO,
Individually and on Behalf of All
Others Similarly Situated,

                Plaintiff,            **26 Civ. 1124 (JPC) (GS)**

       -against-                     **ORDER**

UNIQURE N.V., MATTHEW
KAPUSTA, CHRISTIAN KLEMT,
WALID ABI-SAAB, and SARAH
TABRIZI,

                Defendants.
------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

Before the Court in this putative securities class action are motions for appointment as lead plaintiff and approval of selection of counsel. For the reasons set forth below, the Court grants the application of Oklahoma Firefighters Pension and Retirement System for appointment as lead plaintiff, and furthermore approves its selection of Kessler Topaz Meltzer & Check, LLP as lead counsel for the class.[1]

Initially, motions for appointment as lead plaintiff were filed by (1) Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") (Dkt. No. 13); (2) Trevor Pillay ("Pillay") (Dkt. No. 15); (3) Dixon Diebold ("Diebold") and Shahed Bayestehtarat ("Bayestehtarat") (Dkt. No. 20); and (4) Yung-Tien Tien ("Tien") (Dkt. No. 22).

---

[1] On April 16, 2026, the Honorable John P. Cronan referred the undersigned for these specific non-dispositive motions. (Dkt. No. 27).

However, on April 14, 2026, Pillay withdrew his motion (Dkt. No. 26), and Diebold and Bayestehtarat did the same on April 27, 2026 (Dkt. No. 28).  Also on April 27, 2026, Tien submitted his Notice of Non-Opposition to the other motions (Dkt. No. 29), effectively leaving Oklahoma Firefighters as the lone remaining movant.  *See Omdahl v. Farfetch Ltd.*, No. 19 Civ. 8657 (AJN), 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020) (deeming motion for appointment as lead counsel "abandoned" where movant failed to file opposition to competing motions); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) (lead plaintiff movants "did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn").  That same day, Oklahoma Firefighters submitted a supplemental brief in support of its now-unopposed motion for appointment.  (Dkt. No. 30).

Notwithstanding the lack of opposition to Oklahoma Firefighters' motion, the Court has an independent obligation to determine whether its appointment as lead plaintiff would be proper under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i).  *See Clifford v. TRON Found.*, No. 20 Civ. 2804 (VSB), 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020) ("Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff."); *Savant v. iRobot Corp.*, No. 25 Civ. 5563 (JHR) (GS), 2025 WL 2821806, at *1 (S.D.N.Y. Oct. 3, 2025) (same).

The PSLRA directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," referred to in the statute as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). "The PSLRA creates a rebuttable presumption that the lead plaintiff should be the plaintiff who (a) has either filed a complaint or [timely] moved for lead plaintiff status; (b) has the largest financial interest in the relief sought; and (c) otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23." *Goldenberg v. NeoGenomics, Inc.*, No. 22 Civ. 10314 (JHR), 2023 WL 6389101, at *2 (S.D.N.Y. Oct. 2, 2023) (citation omitted); *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[B]y enacting the PSLRA, Congress sought to encourage class members with the largest purported losses to act as lead plaintiffs in private securities litigation." *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161 (S.D.N.Y. 2005).

Having reviewed the memoranda of law and declaration of counsel submitted by Oklahoma Firefighters in support of its motion (Dkt. Nos. 14, 16, 30), and having considered the relevant PSLRA factors, the Court finds that the motion was timely filed; that Oklahoma Firefighters has a significant financial interest in the outcome of this case and no class member with a larger financial interest has sought appointment as lead plaintiff; that Oklahoma Firefighters has made a preliminary showing that it satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23; and that Oklahoma Firefighters is the class member "most capable of

adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court elaborates on each of these findings below.

### A.    Timeliness

Oklahoma Firefighters satisfied the first requirement by timely submitting its motion.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), as counsel for named Plaintiff Christopher Scocco, published notice of this suit in *Business Wire* on February 10, 2026, the same day it filed the Complaint.  (Dkt. No. 16 ("Amjed Decl.") Ex. C).  That notice stated, *inter alia*, that applications for appointment as lead plaintiff needed to be filed by April 13, 2026, the 60-day deadline.[2]  (*Id.*).  Oklahoma Firefighters filed its motion on April 13, 2026.  (Dkt. No. 13).  Thus, there is no dispute that the motion was timely filed.

### B.    Financial Interest

There is also no dispute that Oklahoma Firefighters has the largest financial interest in this case.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  In determining who has the largest financial interest among potential lead plaintiffs, courts in this Circuit have looked to the following factors: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered.  *See, e.g.*, *Goldenberg*, 2023 WL 6389101, at *3; *Gronich v. Omega Healthcare Invs., Inc.*, No. 17 Civ. 8983, No. 17 Civ. 9024 (NRB), 2018 WL 1626078,

---

[2] Although 60 days after February 10 is April 11 in non-leap years, April 11, 2026 was a Saturday.

at *2 (S.D.N.Y. Mar. 27, 2018).  Courts "place the greatest emphasis on the approximate loss suffered by the movant."  *Gronich*, 2018 WL 1626078, at *2.

As the only remaining applicant for lead plaintiff, Oklahoma Firefighters by definition has the "largest" financial interest.  In addition, judged by the relevant metrics—including, most importantly, approximate loss—Oklahoma Firefighters' financial interest is substantial.  Oklahoma Firefighters purchased 16,580 total shares of uniQure N.V. during the Class Period (in September and October 2025), expending $907,577.92.  (Amjed Decl. Exs. A & B).  And Oklahoma Firefighters contends that, based on these purchases, it suffered losses of approximately $473,581.33 under a LIFO analysis, greater than all other original movants combined.  (*Id.*; Dkt. No. 30 at 5).  Thus, Oklahoma Firefighters has a significant financial interest in the outcome of this case.  As no class member with a larger financial interest has sought appointment as lead plaintiff, this factor favors Oklahoma Firefighters' appointment.

## C.    Rule 23 Requirements

Lastly, Oklahoma Firefighters satisfies the Rule 23 requirements.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Although this provision refers to the requirements of Rule 23 generally, "'[i]n practice, a potential lead plaintiff need only make a "preliminary showing" that it satisfies the "typicality" and "adequacy" requirements of Rule 23 in order to satisfy the PSLRA.'"  *Rasella*, 342 F.R.D. at 80 (quoting *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012)); *see Goldenberg*, 2023 WL 6389101, at *3 (noting that

because typicality and adequacy, unlike numerosity and commonality, are the only two Rule 23 requirements that "directly address the personal characteristics of the class representative," they are the only ones "relevant to the determination of lead plaintiff under the PSLRA") (citations omitted).

"The typicality requirement is satisfied when the representative party's claims arise from the same course of events as those of the rest of the class, and when that party makes similar legal arguments to prove the defendant's liability." *Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, No. 23 Civ. 2138 (JPC), 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023) (citation and quotations omitted).  Oklahoma Firefighters alleges that it (1) purchased uniQure N.V. stock during the Class Period (2) at prices artificially inflated by Defendants' allegedly material misstatements and omissions and (3) suffered damages as a result.  (Dkt. No. 14 at 8; Dkt. No. 30 at 6–7).  These are "hallmarks of typicality under Rule 23(a)" and suffice to meet the typicality requirement.  *Goldenberg*, 2023 WL 6389101, at *4 (finding typicality satisfied where "[plaintiff] alleges that he purchased [the issuer's] securities during the class period; that the purchased shares were artificially inflated by Defendants' materially false and misleading statements; and that he suffered damages as a result" and collecting cases).

The adequacy requirement "is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure

vigorous advocacy.'" *Id.* (quoting *Teran v. Subaye, Inc.*, No. 11 Civ. 2614, No. 11 Civ. 3886 (NRB), 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011)).  As detailed further below, Kessler Topaz has extensive experience, and has had success, in prosecuting federal securities actions.  (*See* Amjed Decl. Ex. D).  And the Court has found no conflict on the part of Oklahoma Firefighters and the other class members, or evidence that Oklahoma Firefighters has "interests that are antagonistic to the class [it] seeks to represent."  *Rasella*, 342 F.R.D. at 80 (cleaned up); *see also Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19 Civ. 8204 (VSB), 2019 WL 6617981, at *6 (S.D.N.Y. Dec. 5, 2019) (finding that pension fund satisfied adequacy requirement where, *inter alia*, there was no indication that its "claims would conflict with those of the class").  As noted above, Oklahoma Firefighters has a sufficiently substantial interest in the outcome of the case to ensure it is vigorously prosecuted.  Moreover, it has successfully served as lead plaintiff in several PSLRA cases.  *See, e.g.*, *Black v. Snap Inc.*, No. 21-cv-8892 (GW) (RAO) (C.D. Cal.) ($65 million settlement preliminarily approved); *Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, No. 20-cv-201 (MP) (N.D. Tex.) ($40 million settlement); *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (DC) (W.D. Tex.) ($30 million settlement); *In re Conduent Inc. Sec. Litig.*, No. 19-cv-8237 (SDW) (AME) (D.N.J.) ($32 million settlement); *see also* Dkt. No. 14 at 10–11 (collecting additional cases).  Accordingly, the adequacy requirement is also satisfied.  *See Goldenberg*, 2023 WL 6389101, at *4.

Because Oklahoma Firefighters has the largest financial interest in the case and meets the other requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), it is appointed lead class plaintiff under the PSLRA.

### D.    Appointment of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  "'There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.'"  *Goldenberg*, 2023 WL 6389101, at *6 (quoting *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015)).

Here, Oklahoma Firefighters selected Kessler Topaz as counsel.  As reflected in its firm profile, Kessler Topaz "has specialized in the prosecution of securities class actions," including in this District, and has demonstrated success in doing so. (Amjed Decl. Ex. D at 1, 2–4, 6, 8; Dkt. No. 14 at 12 (collecting cases)).  The Court therefore approves Oklahoma Firefighters' selection of Kessler Topaz as lead counsel.

### CONCLUSION

For the reasons set forth above, Oklahoma Firefighters Pension and Retirement System's motion for appointment as lead plaintiff is **GRANTED** and all other motions for appointment as lead plaintiff are **DENIED**.  Oklahoma Firefighters Pension and Retirement System is hereby appointed as lead plaintiff and Kessler Topaz Meltzer & Check, LLP is appointed as lead counsel.  The Clerk of

Court is respectfully directed to close the open motions at Docket Numbers 13, 15, 20, and 22.

**SO ORDERED.**

DATED:  New York, New York
          May 4, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge